PITKINS <em>et al. v.</em> BOYD.

Where the petition commencing the action was filed, and a writ of attachment issued on the same day, it will not be persumed that the attachment was issued before the action was commenced.

Under the Code, the petition need not claim or assume any particular form of action.

If the averments indicate a substantial ground of action, it is sufficient.

An attachment bond may be good, although not executed by the plaintiff in the action.

The petition for an attachment may be sworn to by any person qualified to be put under oath.

Where the averments in a petition are positive and do not claim to be the result of information; and where the affiant swears "that the matters and things set forth in the foregoing petition are true, so far as the same are matters of personal knowledge; and so far as the same are matters of information he verily believes them to be true;" held, that the latter clause is suplusage and cannot invalidate the affidavit.

The provision of the Code authorizing an attachment on a debt before due, does not apply to a non-resident.

<em>Appeal from Jackson District Court.</em>

*Opinion by* WILLIAMS, C. J. This cause, together with four others, viz: M. D. Gillman, C. O. Thompson & Co., Swope & Hubble and Jewett, Gates & Johnson, each as plaintiff against Thomas A. B. Boyd, defendant, were tried at the April term of the district court of Jackson county. The proceedings are the same in all the cases, and by

agreement of counsel, the judgment of one is to be decisive of each and all of them, in this court. The questions of law in all being identical.

Pitkins and Pitkins & Co., commenced their action, by petition, in assumpsit, against Boyd, for merchandize sold and delivered to him, on an account stated, alleging an indebtedness of eighty-seven dollars and eighty-three cents, unpaid. Process of notice in due form was issued and served on the defendant, and at the same time an attachment process, under the Code, was also issued, and property attached. The parties appeared for trial in the district court. The defendant's counsel moved the court to quash the writ of attachment for the following reasons :

" Because no action had been commenced, or was pending at the time of suing out the writ of attachment in said case.

" Because the writ of attachment does not show whether it was issued in an action founded on a note or contract ; and for that reason furnishes no guide to the sheriff, as to the amount of property to be attached on said writ.

" Because no bond has been filed in said cause, as required by § 1853 of the Code of Iowa ; the plaintiff's attorneys having no authority to sign his name to the bond, no action having been commenced at the time of the signing of the bond, as aforesaid.

" Because no inventory of the property attached by the sheriff, on said writ, has been taken and returned by the sheriff.

" Because the petition for the attachment is not sworn to by the plaintiff, but by one C. O. Thompson, who does not state that he had any knowledge of the matters alleged in the petition, nor what means of knowledge he had of the same."

The motion was sustained by the court, and the writ accordingly quashed, and a bill of exceptions taken.

An appeal to this court is taken, and, on argument, submitted to us for adjudication on errors assigned.

Pitkins *v.* Boyd.

The error assigned here, is as to the ruling and judgment of the district court, on the motion to quash the writ of attachment. The same reasons which were urged in support of the motion to quash in that court, are now presented here for adjudication, excepting the fourth. which has been abandoned by defendant's counsel.

The Code, § 1846, we think, is decisive of the first point raised and here urged to sustain the ruling of the court below. It is as follows :

"In an action for the recovery of money, the plaintiff may cause any property of the defendant, which is not exempt from execution, to be attached at the commencement, or during the progress of the proceedings, by pursuing the course hereinafter prescribed."

Section 1847, provides that if the writ of attachment be issued after the commencement of the action, a separate petition must be filed ; and that the proceedings by attachment shall be only auxiliary to those of the action.

In this case, the writ of attachment was issued on the 16th day of January, 1854, upon affidavit made and bond filed the same day. The petition commencing the action was also filed at the same time. They appear, by the record, to be simultaneous acts. Such being the state of the case, we are of the opinion that a proper construction of the Code, as above cited, authorizes this proceeding by attachment, as had "at the commencement of the action." The objection, that the writ was issued before the commencement of the action, is not supported by the record. The Code clearly contemplates the issuance of the attachment writ, at the commencement of the action or afterwards ; and, if the latter, requires that it be done upon petition to the court. The commencement of the suit, and the proceeding by attachment, bearing date the same day, it would be going farther than a fair construction of the provisions of the statute would warrant, to presume that the attachment issued before the proper process of the main action, to

VOL. IV.—18.

which it is auxiliary, was issued. On this point, we think the objection to the writ is without cause.

The second ground of objection to the legality of the attachment proceeding, is that it does not appear from the writ whether the action, to which it is sought to be made auxiliary, is of *tort*, or *ex contractu.*

The Code has dispensed with the common law form, in commencing an action in the district court. § 1733 provides that " all technical forms of actions and of pleadings are hereby abolished ;" and § 1734 that " any pleading which possesses the following requisites shall be deemed sufficient :

1. " When, to the common understanding, it conveys a reasonable certainty of meaning.

2. "When, by a fair and natural construction, it shows a substantial cause of action or defense."

Section 1735 is as follows : " The first pleading on the part of the plaintiff is the petition, which must contain a statement of the facts constituting the cause of action, as well as a claim of the remedy sought. If money be the object of the action, the amount demanded, must be stated."

In this case, the plaintiff has commenced his action by petition, in compliance with the provisions of the above sections of the Code, for the recovery of a specific sum of money, being the price of goods, wares and merchandize sold and delivered to the defendant, which remained due and unpaid. In the concluding part of the petition, he states that the defendant is a non-resident of the state of Iowa, in accordance with the Code, § 1848, and prays for the issuance of a writ of attachment in the case. The facts stated in the petition are sworn to by one C. O. Thompson.

In the body of the writ of attachment, which bears date on the same day with the filing of the petition, the amount of indebtedness and the non-residence of the defendant, &c., as stated in the petition, are set forth, so as directly to refer and relate to the petition. As the Code, in providing for the writ of attachment, does not require that the nature of

Pitkins *v.* Boyd.

the action to be set forth in the writ, but simply authorizes that proceeding in actions of contract or *tort ;* and, as the relation of the writ, in this case, to the petition is manifest, we think it would be ultra-technical to quash the proceeding on this ground. The petition, as required by the Code, contains a substantial ground of action, *ex contractu ;* and the auxiliary relation of the writ of attachment to the main action, is in the spirit of the law, sufficiently apparent.

The third ground of objection to the attachment proceeding relates to the signing of the bond. It is urged that Spurr and Kelso, the attorneys of Pitkins and Pitkins & Co., the plaintiffs, who executed that instrument in their name, had no authority to do so. We do not deem it necessary to discuss and decide this question specially here, as it must be disposed of in deciding the next question, and thereby become immaterial.

The next point made in objection to the legality of the attachment proceeding, involves that immediately preceding. It is, that the attachment bond is not good and sufficient in law, because it is not signed by the plaintiffs, as principals, but by their attorneys, for them. Whether the plaintiff signed it at all, is immaterial, under the provisions of our statute. The bond is signed and executed in due form, by two persons of whose capacity and responsibility, there has been no doubt raised. On this point, the enactment of the Code is as follows : § 1853. " Before any property can be attached as aforesaid, the plaintiff must file with the clerk a bond for the use of defendant, with sureties, to be approved by the clerk," &c.

The word " *surety* " is defined by Webster, in his dictionary, to mean " certainty—indubitableness—security—safety." " Security against loss or damage—security for payment ; and in law, one who enters into a bond, or recognizance, to answer another's appearance in court ; or for his payment of a debt ; or for the performance of some act, and who, in case of the principal debtor's failure, is compellable to pay the debt or damage, as a bondsman ; a bail."

There is nothing in the statute requiring the party plaintiff to sign the bond. He is merely required to "file with the clerk a bond for the use of the defendant, with sureties." The record shows that he did file it, with two responsible men as sureties, with the proper conditions, &c. The language used by the Code, does not necessarily require the bond to be executed by the plaintiff, signed either by himself, or agent, or attorney, with sureties. He was only required to "file a bond for the use, &c., with sureties." This view consists with sound reason. All that need be done, in a case of this kind, is "to secure the defendant from loss or damage," in consequence of the proceeding. This certainly may be done as well without the signing of the bond by the plaintiff, as with it. Besides, cases often occur, of an absent plaintiff, and otherwise. It would sometimes be inconvenient, and, perhaps, impossible to procure the timely execution of a bond, if his signature were requisite to its validity. The bond, in this case, meets the demands of the Code; and, so far as the manner of its signing, and the parties, obligors therein, are concerned, it is binding on them, and is valid. They are as much "sureties" in the true meaning of the statute, without the name of the plaintiff there, as with it. This being the opinion of the court, on this point, the last one alluded to above is of course immaterial.

The next and last reason urged for quashing the writ, relates to the affidavit accompanying the petition. The objection is raised that "the petition is sworn to, not by the plaintiff, but by one C. O. Thompson, who does not state that he had any knowledge of the matter of the petition, or his means of knowledge."

It is only necessary to cite the provision of the Code on this subject, which is as follows: § 1448. "The petition which asks an attachment must, in all cases, be sworn to," &c. In it, there is nothing designative of the particular person who must make the affidavit. Any person, of legal capacity to be a witness, and who knows the facts necessary

to the procurement of the writ, can make it. But it is urged, that being a stranger to the proceeding, and not the party plaintiff, he had no means of knowing the facts of the petition. This objection cannot hold. It does not follow that, because a man is not a party to the proceeding, he may not know the facts necessary to its validity; the facts of indebtedness; the amount due; the non-residence and intent to defraud, may all be known by the agent or clerk of a plaintiff, when the party might not know any of these things. Therefore the statute merely requires the facts to " be sworn to."

It is also urged that the affidavit is defective in this: "The affiant swears that the matters and things set forth in the foregoing petition are true, so far as the same are matters of personal knowledge; *and so far as the same* are matters of information, he verily believes them to be true." The objection is, that the affiant does not set forth the means and facts of information. We have only to say here, that the affidavit refers to the facts stated in the petition, in verification of them; and, that these facts are all affirmed, positively, as of the knowledge of the affiant himself, and not as derived by information otherwise. The latter clause of the affidavit, having nothing to apply to, in the petition, is to be taken as surplusage of form, merely, and treated as if not there. It cannot invalidate the affidavit.

It is also contended that in the case of C. O. Thompson against this defendant,—being one of those here adjudicated, in which it is stated that a part of the indebtedness was not due at the time of commencing the action and suing out the writ—the petition does not state, as sworn to, " that defendant refused to make any arrangement to secure the debt when it would fall due." To sustain this proposition, the Code, § 1852, is cited. That section provides, " that the property of a debtor may be attached previous to the time when the debt becomes due, when nothing but time is wanting to fix an absolute indebtedness; and when the

Pitkins *v.* Boyd.

petition, in addition to that fact, states that the defendant is about to dispose of his property with intent to defraud his creditors; or that he is about to move from the state, and refuses to make any arrangement for securing the payment of the debt when it falls due; and which contemplated removal was not known to the plaintiff at the time the debt was contracted.

The facts presented by the petition and affidavit, in this and the other cases at bar here, are the " non-residence of the defendant Boyd, and his intent to defraud his creditors," not that he is about to remove from the state, &c. We are of the opinion that this provision of the Code does not apply to this case; but only to that of a contemplated removal from the state. This section is intended to afford a remedy to a creditor when a debt is not due, and the debtor is about to remove from the state, without making any arrangement to secure it when due.

There are two classes of cases, specially provided for, in this section of the Code. For the security and recovery of debts contracted, but not due and payable, at common law, where time only is wanting to fix the indebtedness absolutely, in order to proceed against the debtor, on the ground of fraudulent design to avoid the effects of his contract. These cases belong to neither of them.

There are other matters which appear to have been raised and presented, in the court below, as part of the proceedings, but which were left without final action there. These we have not considered; indeed, they have not been urged here. Having carefully examined and considered these cases, with an eye to the importance which attaches to all summary procedures of this kind, and with a sense of our duty, as expounders of statutory law, to so construe it as to give it proper effect, we are of the opinion that the judgment of the district court, quashing the attachment proceeding, is erroneous.

The judgment of the district court is therefore reversed,

and this, and the cases submitted with it, remanded for further proceeding in the district court.

Judgment reversed.

*Clark* and *Bissell*, for appellants.

*Smith, McKinlay* and *Poor*, for appellee.